STATE OF NORTH CAROLINA v. LEWIS CLARK PITTMAN, JR.

No. 7410SC649

(Filed 16 October 1974)

1. Criminal Law § 66— admissibility of in-court identification

In a prosecution for larceny of merchandise from a store, the trial court did not err in the admission of an in-court identification of defendant where the court found upon supporting voir dire evidence that the witness had an adequate opportunity to observe defendant while he was in the store and that any view she had of defendant while he was in the custody of police officers was not such as to taint the in-court identification.

2. Larceny § 7— sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution for larceny of three shotguns from a department store.

APPEAL by defendant from *Webb, Special Judge,* 1 January 1974 Special Criminal Session, WAKE County Superior Court. Heard in the Court of Appeals 23 September 1974.

The defendant was tried on a bill of indictment, in proper form, for felonious larceny of three 12-gauge automatic shotguns.

The State's evidence was to the effect that about 11:00 a.m. on the morning of 14 September 1973, Mrs. Clifton, a security officer at Hudson-Belk Department Store, observed the defendant in the sporting goods department. She was attracted to the

defendant by a large, green bag that he was carrying. She observed him for some ten minutes while he looked at various items of merchandise in the sporting goods department. The defendant then went into a stockroom which was marked for employees only. Mrs. Clifton went to the door of the stockroom and waited for the defendant to emerge. When the defendant came out of the stockroom, he was carrying three white boxes in the green bag. Mrs. Clifton requested that he stop, but instead of doing so, he proceeded on towards the exit. Mrs. Clifton called to one of the sales managers who likewise attempted to stop the defendant. The defendant ran out the door with the sales manager in pursuit. On arriving at the door, the defendant threw down the green bag, and from it, Mrs. Clifton retrieved the three automatic shotguns. The sales manager, with the assistance of Raleigh police officers, apprehended the defendant some two blocks away in a hotel. The arrest of the defendant occurred within only a few minutes after he left the store, and at all times there had been hot pursuit.

From a verdict of felonious larceny and the imposition of a prison sentence of not less than three nor more than five years, the defendant appealed.

*Attorney General James H. Carson, Jr., by Associate Attorney Archie W. Anders for the State.*

*J. Michael Weeks for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant presents for review the in-court identification of the defendant by Mrs. Clifton. The trial court conducted a voir dire examination of Mrs. Clifton and found as a fact that she had had adequate opportunity to observe the defendant while he was in the store and any view of him that she had while he was in custody of the police officers was not such as to taint the in-court identification. We think the evidence before the trial court was ample to sustain this finding, and there was no error in permitting the in-court identification of the defendant by Mrs. Clifton.

[2] The defendant also assigns as error the denial of his motion for judgment as of nonsuit. There is no merit in this assignment of error for that the evidence was ample for submission to the jury.

We have reviewed the court's instructions to the jury and find them to be without error.

The defendant had a fair trial free from prejudicial error, and we find

No error.

Judges BRITT and VAUGHN concur.